# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **AMERICAN FLOORING SERVICES, INC.** <br> PLAINTIFF, <br><br> V. <br><br> **CAPRI CORK, LLC, DBA LITITZ FLOORING COMPANY** <br> DEFENDANT. | CASE NO.: |

## NOTICE OF REMOVAL

Comes now, Defendant CAPRI CORK, LLC (hereafter, "Defendant") by and through the undersigned counsel, and hereby files this NOTICE OF REMOVAL, within the time prescribed by law, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendant in the Superior Court of Fulton County, Georgia, which is within the Atlanta Division of this Court, 28 U.S.C.A. §90(a)(2). Said lawsuit is styled as above and is numbered as Civil Action No. 25CV001126. Plaintiff's claim against Defendant includes claims of negligence.

2.

Plaintiff filed the Complaint on or about January 24, 2025. Defendant received a copy of the summons and a copy of the Complaint on February 3, 2025 and waived the right to formal service of process on February 14, 2025. Defendant filed its Answer on February 28, 2025. Defendant files this Notice of Removal within thirty (30) days after service of the summons and Complaint.

3.

Defendant is a Pennsylvania corporation with its principal place of business in the State of Pennsylvania. Defendant is not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter. The principal place of business is 215 Bucky Drive, Lititz, PA 17543.

4.

AMERICAN FLOORING SERVICES, INC. is a Georgia business whose principal office and registered agent are located at 783 Metromont RD, Hiram, GA 30141.

5.

Complete diversity of citizenship exists between Plaintiff and Defendant.

6.

Plaintiff claims damages of no less than $675,000 as evidenced by

the settlement demand Plaintiff sent to Defendant on December 2, 2024. *See* EXHIBIT 1. Plaintiff's counsel has also confirmed that the amount in controversy exceeds $75,000. EXHIBIT 2. Plaintiff's settlement demand and confirmation email demonstrates that this case meets the jurisdictional requirement for federal subject matter jurisdiction. *See e.g., Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b)); *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Williams v. Safeco Ins. Co.*, 74 F.Supp.2d 925, 929 (W.D.Mo. 1999); *Southern Ins. Co. of Virginia v. Karrer*, Civil Action No. 3:10-CV-84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F.Supp. 1364, 1368 (M.D.Ala. 1998); *Jackson v. Select Portfolio Servicing*, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009); *Barlow v. Variety Wholesalers*, Civil Action No. 5:14-CV-375 (WLS) (M.D.Ga. Dec. 17, 2014); *Devezin v. Wal-Mart Stores East, LP*, Civil Action No. 1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); *Peterman v. Wal-Mart Stores*, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga. Sept. 13, 2013); *Farley v. Variety Wholesalers*, Civil Action No. 5:13-CV-52 (CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013). Again, it is undisputed that the amount in controversy, exclusive of interest and costs, exceeds

$75,000.

7.

This action is removable pursuant to 28 USC §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendant.

8.

Pursuant to the provisions of 28 USC § 1446, Defendant has attached as EXHIBIT 3 copies of all pleadings that were provided to and served upon Defendant, including copies of all pleadings that have been filed to date in the Superior Court of Fulton County, Georgia for the above-styled case.

9.

Defendant is not required to file a removal bond in light of the 2011 revision to 28 USC § 1446.

10.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 USC § 1446.

11.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Fulton County, Georgia, as required by 28 USC § 1446.

WHEREFORE, Defendant prays that the above-captioned lawsuit be

removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

Submitted this 28th day of February 2025.

By:       /s/ Tremaine Ross
**Tremaine Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
1-301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that NOTICE OF REMOVAL was/were served via E-File, email, hand-delivery, private process server, service by the Sheriff, certified mail, and/or USPS mail postage prepaid on the following:

**John McManus, Esq.**
McManus Construction Law, LLC
1245 Brooklawn Rd. NE
Atlanta, GA 30319

Respectfully submitted this 28th day of February 2025.

By: <u>          /s/ Tremaine Ross</u>
**Tremaine Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*

# CERTIFICATE OF COMPLIANCE WITH LOCAL RULES AND CERTIFICATE OF SERVICE

In accordance with LR 7.1(D), I hereby certify that the foregoing was prepared in Times New Roman, 14-point font, one of the fonts specified in LR 5.1(B). I also hereby certify that I have served counsel of record with a copy of the foregoing by filing through the Court's ECF filing system which will provide notice to the following:

**John McManus, Esq.**
McManus Construction Law, LLC
1245 Brooklawn Rd. NE
Atlanta, GA 30319

Respectfully submitted this 28th day of February 2025.

By: <u>       /s/ Tremaine Ross</u>
**Tremaine Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*