Filing #1
Fi
CASE INITIATION FORM (erroneous name)

Fulton County Superior Court
***EFILED***TV
Date: 1/24/2025 4:15 PM
Che Alexander, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **AMERICAN FLOORING SERVICES, INC.** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** 25CV001126 |
| | ) | |
| **CAPRI CORK LLC DBA** | ) | |
| **LITITZ FLOORING COMPANY** | ) | |
| | ) | |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, AMERICAN FLOORING SERVICES, INC., Plaintiffs in the above-captioned matter, and file this their Complaint for Damages against the above-named Defendants CAPRI CORK LLC dba LITITZ FLOORING COMPANY and respectfully submit to this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

1.

Plaintiff AMERICAN FLOORING COMPANY, INC. ("Plaintiff") is a resident of the state of Georgia and willfully avail themselves of the jurisdiction and venue of this Honorable Court.

2.

Defendant CAPRI CORK LLC DBA LITITLZ FLOORING (referred to herein as "Defendant") may be served with summons and complaint at 209 BUCKY DR, LITITZ, PA 17543.

## FACTS

1.

PLAINTIFF purchased Luxury Vinyl Plank (LVP) from Defendant and installed at Overton Park Apartments ("Project").

2.

The installed LVP has been confirmed as faulty by the manufacturer, AVA.

3.

DEFENDANT has refused to cover work necessary to complete the replacement of the flooring.

## Count I:

4.

Defendant is regularly and purposely engaged in the business of selling, shipping, distributing, and otherwise placing various products into the stream of commerce, including the aforementioned LVP.

5.

As the seller, shipper, and/or distributer of the subject LVP installed by Plaintiff Defendant is liable to Plaintiff for, among other things:

(a)     the failure to warn of danger(s) arising from the use of their product or products that were known to said Defendants;

(b)     strict liability;

(c)     negligence.

6.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff sustained numerous severe injuries and damages.

## DAMAGES

7.

Plaintiffs hereby incorporates by reference, as if fully set forth herein, all of the factual allegations contained in this complaint.

8.

As a direct and proximate result of  Defendants' acts and omissions, Plaintiff has incurred, continues to incur, and will incur in the future, special damages in the form of removal and replacement costs of LVP, for which it is entitled to recover from Defendants.

## PUNITIVE DAMAGES

9.

Plaintiffs repeat each and every allegation as set forth above as though the same were set forth at length herein.

10.

Because the negligence of Defendants herein demonstrates willful misconduct, wantonness, or that entire want of care which would raise a presumption of conscious indifference to consequences, Plaintiffs are entitled to recover punitive damages from Defendants pursuant to O.C.G.A. § 51-12-5.1.

71.

All of Plaintiffs' injuries and damages related to this event were proximately caused by the gross negligence of Defendants herein.

## CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs respectfully pray for the following relief:

(a) That Summons be issued requiring Defendants to answer this Complaint;

(b) That service of Complaint and Summons be had upon Defendants;

(c) That a trial be held at which a jury of twelve (12) persons be impaneled to decide all triable issues of law and fact;

(d) That judgment be entered against Defendants and in favor of Plaintiffs;

(e) That Plaintiffs recover any and all damages allowed by law (including all general, special, compensatory, economic, non-economic, punitive, and other damages) from Defendants as determined at trial;

(f) That Plaintiff be granted such other and further relief as this Honorable Court may deem just and proper.

(g) For all such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this ___ day of October 2025

JOHN C. McMANUS
GA BAR NO. 497775
Attorney for Plaintiff, PLAINTIFF

**McManus Construction Law, LLC**
**1245 Brooklawn RD NE**
**Atlanta, GA 30319**
**T: 404-433-3412**
**jcmpc@me.com**

Filing #2

Complaint

Fulton County Superior Court
***EFILED***TV
Date: 1/24/2025 4:15 PM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

AMERICAN FLOORING )
SERVICES, INC. )
)
v. )     CIVIL ACTION NO. 25CV001126
)
CAPRI CORK LLC DBA )
LITITZ FLOORING COMPANY )
)

## COMPLAINT FOR DAMAGES

COMES NOW, AMERICAN FLOORING SERVICES, INC., Plaintiffs in the above-captioned matter, and file this their Complaint for Damages against the above-named Defendants CAPRI CORK LLC dba LITITZ FLOORING COMPANY and respectfully submit to this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

1.

Plaintiff AMERICAN FLOORING COMPANY, INC. ("Plaintiff") is a resident of the state of Georgia and willfully avail themselves of the jurisdiction and venue of this Honorable Court.

2.

Defendant CAPRI CORK LLC DBA LITITLZ FLOORING (referred to herein as "Defendant") may be served with summons and complaint at 209 BUCKY DR, LITITZ, PA 17543.

## FACTS

1.

PLAINTIFF purchased Luxury Vinyl Plank (LVP) from Defendant and installed at Overton Park Apartments ("Project").

2.

The installed LVP has been confirmed as faulty by the manufacturer, AVA.

3.

DEFENDANT has refused to cover work necessary to complete the replacement of the flooring.

## Count I:

4.

Defendant is regularly and purposely engaged in the business of selling, shipping, distributing, and otherwise placing various products into the stream of commerce, including the aforementioned LVP.

5.

As the seller, shipper, and/or distributer of the subject LVP installed by Plaintiff Defendant is liable to Plaintiff for, among other things:

(a)    the failure to warn of danger(s) arising from the use of their product or products that were known to said Defendants;

(b)    strict liability;

(c)    negligence.

6.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff sustained numerous severe injuries and damages.

## DAMAGES

7.

Plaintiffs hereby incorporates by reference, as if fully set forth herein, all of the factual allegations contained in this complaint.

8.

As a direct and proximate result of Defendants' acts and omissions, Plaintiff has incurred, continues to incur, and will incur in the future, special damages in the form of removal and replacement costs of LVP, for which it is entitled to recover from Defendants.

## PUNITIVE DAMAGES

9.

Plaintiffs repeat each and every allegation as set forth above as though the same were set forth at length herein.

10.

Because the negligence of Defendants herein demonstrates willful misconduct, wantonness, or that entire want of care which would raise a presumption of conscious indifference to consequences, Plaintiffs are entitled to recover punitive damages from Defendants pursuant to O.C.G.A. § 51-12-5.1.

71.

All of Plaintiffs' injuries and damages related to this event were proximately caused by the gross negligence of Defendants herein.

## CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs respectfully pray for the following relief:

(a) That Summons be issued requiring Defendants to answer this Complaint;

(b) That service of Complaint and Summons be had upon Defendants;

(c) That a trial be held at which a jury of twelve (12) persons be impaneled to decide all triable issues of law and fact;

(d) That judgment be entered against Defendants and in favor of Plaintiffs;

(e) That Plaintiffs recover any and all damages allowed by law (including all general, special, compensatory, economic, non-economic, punitive, and other damages) from Defendants as determined at trial;

(f) That Plaintiff be granted such other and further relief as this Honorable Court may deem just and proper.

(g) For all such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 24 day of October 2025

JOHN C. McMANUS
GA BAR NO. 497775
Attorney for Plaintiff, PLAINTIFF

**McManus Construction Law, LLC**
**1245 Brooklawn RD NE**
**Atlanta, GA 30319**
**T: 404-433-3412**
**jcmpc@me.com**

Filing #3

Filing #3

Answering #3

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **AMERICAN FLOORING SERVICES, INC.** PLAINTIFF, | : : : : |
| V. | : CASE NO.: : 25CV001126 |
| | : |
| **CAPRI CORK, LLC, DBA LITITZ FLOORING COMPANY** DEFENDANT. | : : : : |

..................................................................................

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Defendant CAPRI CORK, LLC, by and through the undersigned counsel, and files this answer to Plaintiff's complaint and further responds as follows:

### FIRST DEFENSE

Plaintiff is barred from recovery under O.C.G.A. § 9-11-12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is barred from recovery since Plaintiff failed to provide an opportunity to cure the alleged defect which was expressly required by the warranty. *See Culberson v. Mercedes-Benz USA, Ltd*., 274 Ga. App. 89, 616 S.E.2d 865 (2005).

## THIRD DEFENSE

Plaintiff is barred from recovery as Plaintiff breached the warranty by failing to install the product in accordance with the manufacturer's guidelines.

## FOURTH DEFENSE

Plaintiff is barred from recovery as Plaintiff is at least 50% at-fault for Plaintiff's own injuries since Plaintiff failed to install the product in accordance with the manufacturer's guidelines, failed to reject nonconforming goods, and failed to provide reasonable notice of the alleged defect before incurring substantial labor. *See* O.C.G.A. § 51-12-33.

## FIFTH DEFENSE

Plaintiff is barred from recovery by the doctrines of waiver, laches, and estoppel.

## SIXTH DEFENSE

Plaintiff is barred from recovery since Plaintiff failed to mitigate Plaintiff's damages.

## SEVENTH DEFENSE

Plaintiff is barred from recovery since Plaintiff failed to reject the allegedly nonconforming goods within a reasonable time; Plaintiff waited approximately two years to provide Defendant with notice of the

alleged defect and such is impermissible in the commercial context. *See Intl. Multifoods Corp. v. Nat'l Egg Co.*, 199 Ga. App. 263, 414 S.E.2d 253 (1991); Cobb County v. Mat Factory, Inc., 215 Ga. App. 697, 452 S.E.2d 140 (1994)

## **EIGHTH DEFENSE**

Defendant reserves the right to assert additional affirmative and other defenses that arise—or have arisen—and reserves the right to amend this Answer to assert such defenses.

### **ANSWER:**

Defendant responds to the specifically enumerated paragraphs of Plaintiff's complaint as follows:

### 1. [1]

Defendant does not have sufficient knowledge to admit or deny the information contained in paragraph one (1).

### 2. [2]

Paragraph two (2) is denied; the correct address is 215 Bucky Dr Lititz, PA 17543.

---

[1] Plaintiff's complaint has two sets of enumerated paragraphs. This response to "paragraph 1" refers to that found on the first page of the Plaintiff's complaint.

[2] This response to "paragraph 2" refers to that found on the first page of the Plaintiff's complaint.

1.[3]

Paragraph one (1) is admitted.

2.

Defendant is without sufficient knowledge to admit or deny the information contained in paragraph two (2). To the extent that further response is necessary, the same is hereby denied.

3.

Paragraph three (3) is denied as written; Defendant is not the manufacturer and has not refused.

4.

Paragraph four (4) is admitted.

5.

Paragraph five (5) is denied.

6.

Paragraph six (6) is denied; Defendant is unaware of any physical injuries or damages other than some alleged costs.

7.

Paragraph seven (7) is incapable of being admitted or denied.

---

[3] From here through the remainder of the document, the paragraphs enumeration corresponds with those which begin on the second page of Plaintiff's complaint.

8.

Paragraph eight (8) is denied.

9.

Paragraph nine (9) is incapable of being admitted or denied.

10.

Paragraph 10 is denied.

71.[4]

Paragraph 71 is denied.

In addition, Plaintiff is not entitled to any of the relief prayed for in Plaintiff's complaint.

Submitted this 28th day of February 2025.

By:        /s/ Tremaine Ross
**Trey Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*

---

[4] Plaintiff's complaint seems to include a typo since paragraph 11 is erroneously enumerated as paragraph 71. So there is no confusion, Defendant responds to the numbered paragraphs as enumerated by Plaintiff's complaint.

## CERTIFICATE OF SERVICE

I hereby certify that DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT was/were served via E-File, email, hand-delivery, private process server, service by the Sheriff, certified mail, and/or USPS mail postage prepaid on the following:

**John McManus, Esq.**
McManus Construction Law, LLC
1245 Brooklawn Rd. NE
Atlanta, GA 30319

Submitted this 28th day of February 2025.

By:            /s/ Tremaine Ross
**Trey Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*

Filing #3

Motion for More Definite Statement and
Motion to Stay Discovery

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **AMERICAN FLOORING SERVICES, INC.** PLAINTIFF, | : <br> : <br> : <br> : |
| v. | : CASE NO.: <br> : 25CV001126 <br> : |
| **CAPRI CORK, LLC, DBA LITITZ FLOORING COMPANY** DEFENDANT. | : <br> : <br> : <br> : <br> : |

...............................................................................

## MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STAY DISCOVERY

COMES NOW, Defendant CAPRI CORK, LLC, by and through the undersigned counsel, and hereby files this MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STAY DISCOVERY, and in support of this motion, provides as follows:

## I. Introduction and Legal Standard[1]

Pursuant to O.C.G.A. § 9-11-12(e), a party is entitled to a more definite statement when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a proper responsive pleading."

---

[1] The legal standard cites federal law since a Notice of Removal to the U.S. District Court for the Northern District of Georgia is being filed today.

Further, pursuant to Federal Rule of Civil Procedure 10(b), Plaintiff's complaint may not combine multiple causes of action into one count but must instead separate them into separate counts. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008)(providing that a complaint which lumped together untold causes of action based Title VII was an impermissible violation of Rule 10(b)). Furthermore, failing to separate causes of action into separate counts constitutes a type of "shotgun" pleading which supports an order for a more definite statement. *See, e.g., Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)(providing "the third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief").

## II. Analysis and Prayer for Relief

Here, Plaintiff's complaint appears to allege a claim for breach of contract[2] along with causes of action for breach of warranty,[3]

---

[2] *See* COMPLAINT, p. 2, ¶1-3. In addition, during a conference call with Plaintiff's counsel on Thursday, February 20, 2025, Plaintiff's counsel confirmed that he views this as a hybrid case involving breach of contract and products liability.

[3] *Id*. at p. 2, ¶3 (providing Defendant "refused to cover work necessary to complete the replacement of the flooring").

negligence,[4] strict products liability,[5] gross negligence,[6] an unknown intentional tort,[7] and a failure to warn defect.[8] In addition, Plaintiff seems to include a claim for personal injuries,[9] consequential damages,[10] and punitive damages.[11] However, there is only one count; none of the causes of action are stated separately, and this constitutes an impermissible shotgun pleading. *Davis*, 516 F.3d at 980; *Weiland*, 792 F.3d at 1323.

As a result, Plaintiff's complaint is *not* a short, plain statement as required by Georgia's Civil Practice Act or the federal rules. Instead, the complaint is so vague or ambiguous that Defendant cannot properly form a response, and it fails to give Defendant proper notice of the claims against it.[12]

_____

[4] *Id*. at p. 2, ¶5.

[5] *Id*.

[6] *Id*. at p. 3, ¶71.

[7] COMPLAINT at p. 3, ¶10.

[8] *Id*. at p. 2, ¶5.

[9] *Id*. at p. 3, ¶6 (providing "Plaintiff sustained numerous severe injuries and damages").

[10] *Id*. at p. 3, ¶ 8 (providing "Plaintiff has incurred…and will incur in the future, special damages in the form of removal and replacement costs").

[11] *Id*. at p. 3, ¶¶9-71.

[12] Pursuant to O.C.G.A. § 9-11-12 (e), Defendant has "answer[ed] or respond[ed] to the [complaint to the] best of his ability" but Defendant reserves the right to amend the answer after Plaintiff has corrected the defects within the complaint.

Accordingly, Defendant moves this Court to stay discovery pending a ruling on this motion and the pending removal of this action to the U.S. District Court for the Northern District of Georgia.

Submitted this 28th day of February 2025.

By:      /s/ Tremaine Ross

**Tremaine Ross M.Ed., Esq.**

GA Bar No. 513017

The Law Office of Trey Ross

5425 Peachtree Parkway

Suite 203

Peachtree Corners, GA 30092

678-362-7576 (Direct)

1-301-969-2194 (Fax)

trey@treyrosslaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that MOTION FOR MORE DEFINITE

STATEMENT and MOTION TO STAY DISCOVERY was/were served

via E-File, email, hand-delivery, private process server, service by the

Sheriff, certified mail, and/or USPS mail postage prepaid on the

following:

**John McManus, Esq.**
McManus Construction Law, LLC
1245 Brooklawn Rd. NE
Atlanta, GA 30319

Respectfully submitted this 28th day of February 2025.

By:          /s/ Tremaine Ross
**Tremaine Ross M.Ed., Esq.**
GA Bar No. 513017
The Law Office of Trey Ross
5425 Peachtree Parkway
Suite 203
Peachtree Corners, GA 30092
678-362-7576 (Direct)
301-969-2194 (Fax)
trey@treyrosslaw.com
*Attorney for Defendant*