IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FLOORING SERVICES, INC. )<br>PLAINTIFF, )<br>)<br>)<br>)<br>)<br>)<br>V. )<br>)<br>CAPRI CORK, LLC, DBA LITITZ )<br>FLOORING COMPANY )<br>DEFENDANT. ) | CASE NO.:<br><br>1:25-cv-01076-TRJ |

**SECOND AMENDED COMPLAINT**

COMES NOW, AMERICAN FLOORING SERVICES, INC., Plaintiffs in the above-captioned matter, and file this their Complaint for Damages against the above-named Defendants CAPRI CORK LLC dba LITITZ FLOORING COMPANY and respectfully submit to this Honorable Court as follows:

**PARTIES, JURISDICTION, & VENUE**

1.

Plaintiff AMERICAN FLOORING COMPANY, INC. ("Plaintiff") is a resident of the state of Georgia and willfully avail themselves of the jurisdiction and venue of this Honorable Court.

2.

Defendant CAPRI CORK LLC DBA LITITZ FLOORING (referred to herein as "Defendant")

## FACTS

1.

PLAINTIFF purchased Luxury Vinyl Plank (LVP) from Novalis U.S. LLC as distributed through Defendant, and installed at Overton Park Apartments ("Project").

2.

The flooring installation was completed with shoe molding, plumbing fixtures, and typical furniture moved in the ordinary course; and, within 3 months Plaintiff was notified by the project General Contractor, Flournoy Construction Group, LLC (Flournoy) that the flooring was dimensionally unstable, resulting in void spaces between the individual pieces of vinyl flooring, and needed to be removed and replaced.

3.

Defendant was immediately notified of the problems encountered with the LVP. LITITZ agreed to replace the defective flooring only, but not the costs incurred by Plaintiff in removing the defective flooring, and attendant costs of plumbing and furniture removal and replacement.

DEFENDANT has refused to cover work necessary to complete the replacement of the flooring.

### Count I:

Products Liability

4.

Defendant is regularly and purposely engaged in the business of selling, shipping, distributing, and otherwise placing various products into the stream of commerce, including the

aforementioned LVP and is thus liable pursuant to OCGA §51-1-11 for liability of product seller as a manufacturer.

5.

As the seller, shipper, and/or distributer of the subject LVP installed by Plaintiff Defendant is liable to Plaintiff for, among other things:

(a)    the failure to warn of danger(s) arising from the use of their product or products that were known to said Defendant;

(b)    strict liability;

(c)    negligence.

6.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff sustained extraordinary injuries and damages.

## COUNT II

8.

Defendant and Plaintiff had a contractual agreement("Warranty" attached as Exhibit A) as to how they were to conduct themselves.

9.

Pursuant to the Warranty, §1.2:

"The Manufacturer's liability and Customer's exclusive remedy under this Limited Warranty is limited to the replacement or refund of the defective Product and, if defects are not visible and obvious (> 0.5-inch) and Product has been installed with an approved adhesive, reasonable labor costs based on the geographical region where the product was installed."

10.

As noted in Paragraph 2, the flooring installation was completed with shoe molding, plumbing fixtures, and typical furniture moved in the ordinary course; and, within 3 months Plaintiff was notified by the project General Contractor, Flournoy Construction Group, LLC (Flournoy) that the flooring was dimensionally unstable, resulting in void spaces between the individual pieces of vinyl flooring, and needed to be removed and replaced.

11.

Pursant to the Warranty, since the defects were not visible and obvious, Plaintiff is entitled to reasonable labor costs and has failed and refused to pay such costs.

## DAMAGES

12.

Plaintiffs hereby incorporates by reference, as if fully set forth herein, all of the factual allegations contained in this complaint.

13.

As a direct and proximate result of Defendant's acts and omissions, Plaintiff has incurred, continues to incur, and will incur in the future, special damages in the form of removal and replacement costs of LVP, for which it is entitled to recover from Defendants.

14.

Because the negligence of Defendant herein demonstrates willful misconduct, wantonness, or that entire want of care which would raise a presumption of conscious indifference to consequences, Plaintiff is entitled to recover punitive damages from Defendant pursuant to O.C.G.A. § 51-12-5.1.

15.

All of Plaintiff's injuries and damages related to this event were proximately caused by the gross negligence of Defendant herein.

**CONCLUSION & PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff respectfully pray for the following relief:

(a) That Summons be issued requiring Defendant to answer this Complaint;

(b) That service of Complaint and Summons be had upon Defendant;

(c) That a trial be held at which a jury of twelve (12) persons be impaneled to decide all triable issues of law and fact;

(d) That judgment be entered against Defendant and in favor of Plaintiff;

(e) That Plaintiff recover any and all damages allowed by law (including all general, special, compensatory, economic, non-economic, punitive, and other damages) from Defendant as determined at trial;

(f) That Plaintiff be granted such other and further relief as this Honorable Court may deem just and proper.

(g) For all such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 1ST day of March, 2025.

JOHN C. McMANUS
GA BAR NO. 497775
Attorney for Plaintiff, PLAINTIFF

**McManus Construction Law, LLC**
**1245 Brooklawn RD NE**
**Atlanta, GA 30319**
**T: 404-433-3412**
**jcmpc@me.com**