# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **AMERICAN FLOORING SERVICES, INC.** ) | |
| **PLAINTIFF,** ) | |
| ) | CASE NO.: |
| ) | |
| ) | 1:25-cv-01076-TRJ |
| ) | |
| V. ) | |
| ) | |
| **CAPRI CORK, LLC, DBA LITITZ** ) | |
| **FLOORING COMPANY** ) | |
| **DEFENDANT.** ) | |

## AMENDED COMPLAINT

COMES NOW, AMERICAN FLOORING SERVICES, INC., Plaintiff in the above- captioned matter, and file this its Complaint for Damages against the above-named Defendant CAPRI CORK LLC dba LITITZ FLOORING COMPANY and respectfully submits to this Honorable Court as follows:

### PARTIES, JURISDICTION, & VENUE

1.

Plaintiff AMERICAN FLOORING COMPANY, INC. ("Plaintiff") is a resident of the State of Georgia and willfully avails itself of the jurisdiction and

1

venue of this Honorable Court.

2.

Defendant CAPRI CORK LLC DBA LITITZ FLOORING (referred to herein as "Defendant") is a Pennsylvania limited liability company whose principal place of Business is 215 Bucky Drive, Lititz, PA 17543.

3.

Defendant is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §9-10-93 because a substantial part of the business was transacted in Georgia, and the tortious act, omission, or injury occurred in Georgia

## FACTS

4.

Plaintiff purchased Luxury Vinyl Plank ("LVP") from Novalis Innovative Flooring ("Manufacturer"), who upon information and belief is a tradename for Novalis U.S. LLC. The LVP was distributed through Defendant.

5.

Plaintiff paid Defendant on November 21, 2022 for the LVP. A true and correct copy of the Invoice evidencing said payment is attached hereto as Exhibit "A."

6.

Evidence of the shipment and delivery of the LVP from Defendant to Plaintiff

is attached hereto as Exhibit "B."

7.

A Packing List for the delivery of the LVP from Defendant to Plaintiff is attached hereto as Exhibit "C."

8.

The Sales Order between Defendant and Plaintiff is attached hereto as Exhibit "D."

9.

Defendant is regularly and purposely engaged in the business of selling, shipping, distributing, and otherwise placing various products into the stream of commerce, including the aforementioned LVP.

10.

Defendant's distribution, sale and delivery of the LVP to Plaintiff put the LVP in the stream of commerce, and constituted the sale of goods under the Uniform Commercial Code as enacted in the State of Georgia. O.C.G.A. §11-1-101 *et seq.*

11.

Plaintiff installed the LVP in approximately 150 units in the Overton Park Apartments ("Project"). The flooring installation was completed with shoe molding, plumbing fixtures, and typical furniture moved in the ordinary course.

12.

Within three months of its installation, Plaintiff was notified by the project General Contractor, Flournoy Construction Group, LLC ("Flournoy") that the LVP was delaminating and it was dimensionally unstable, resulting in void spaces between the individual pieces of vinyl flooring, and needed to be removed and replaced. These problems with the LVP were and are a defect.

13.

Defendant was notified of the problems encountered with the LVP.

14.

The Manufacturer sent Plaintiff a letter dated November 4, 2024 (the "Manufacturer Letter") admitting that "the flooring material from your job site did not meet the dimensional stability tolerance standards set by ASTM F2199, indicating a performance defect in the material."

15.

Plaintiff has incurred and will continue to incur substantial costs in removing the defective flooring, and the attendant costs of demolition, reinstallation, plumbing (removal and reinstallation of toilets in each unit), replacement of shoe molding, cleaning, paint touch-ups, dumpster and trash removal and furniture removal (collectively referred to as the "Reinstallation Costs").

16.

Defendant agreed to replace the defective LVP only, but not pay for the Reinstallation Costs.

17.

Defendant has refused pay for the Reinstallation Costs.

18.

Defendant has not paid Plaintiff for the defective LVP.

## Count 1:  Breach of Contract

19.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

20.

Plaintiff and Defendant entered into an agreement by which Defendant would sell to Plaintiff the LVP and Plaintiff would pay Defendant for the LVP (the "Agreement").  The Agreement is evidenced by, among other things, the Sales Order, Packing List and Invoice.

21.

The LVP was defective and therefore Defendant breached the Agreement.

22.

Due to Defendant's breach of the agreement, Plaintiff has had to remove and reinstall the flooring in the Project and Plaintiff has incurred damages equal to the Reinstallation Costs.

23.

Defendant is liable to Plaintiff for its breach of the Agreement.

24.

Because of its breach of the Agreement Defendant is liable to Plaintiff in the amount of the cost to replace the LVP and the Reinstallation Costs. These damages are those which naturally and foreseeably flow from Defendant's breach of the Agreement.

### Count 2: O.C.G.A. §11-2-314

25.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

26.

Because the LVP was defective, Defendant breached its warranty that the LVP was merchantable pursuant to O.C.G.A. §11-2-314.

27.

Specifically, the LVP was not fit for the ordinary purpose for which it was used (flooring in an apartment unit) and did not conform to the promises or affirmations of fact made by Defendant.

28.

Because of its breach of O.C.G.A. §11-2-314 Defendant is liable to Plaintiff in an amount to replace the defective LVP and the Reinstallation Costs.

### Count 3: O.C.G.A. §11-2-315

29.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

30.

Because the LVP was defective, Defendant breached its warranty that the LVP was fit for a particular purpose pursuant to O.C.G.A. §11-2-315.

31.

Specifically, the LVP, as manufactured, was not fit to be used for flooring in an apartment, which was it particular purpose and of which Defendant knew.

32.

Because of its breach of O.C.G.A. §11-2-315 Defendant is liable to Plaintiff in an amount to replace the defective LVP and the Reinstallation Costs.

### Count 4:  O.C.G.A. §§11-2-714 and 715

33.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

34.

The defective LVP has not only caused damages to Plaintiff in the cost of the LVP itself, but also the Reinstallation Costs.  To the extent the Reinstallation Costs are not deemed ordinary damages which naturally and foreseeably flow from Defendant's actions, then they are incidental and consequential damages.

35.

Defendant is liable to Plaintiff pursuant to O.C.G.A. §§11-2-714 and 715 for incidental and consequential damages.

### Count 5:  Strict Liability

36.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

37.

Defendant is strictly liable to Plaintiff pursuant to O.C.G.A. §§51-1-11(b)(1).

38.

The LVP was defective, and after installation by Plaintiff the LVP began delaminating and otherwise deteriorating, causing harm to the apartment owners and their property.

39.

Defendant was a seller of the LVP to Plaintiff. As described above the LVP was not merchantable or reasonably suited to the use intended. Other than being installed in the floor, the LVP reached the consumer (the apartment owner) in essentially the same condition as when it left the Defendant. The defective condition of the LVP is what caused it to delaminate and deteriorate, which required the LVP to be replaced, which caused the damages to Plaintiff: i.e., the cost to replace the LVP and the Reinstallation Costs.

40.

The Defendant is strictly liable to Plaintiff in an amount to replace the defective LVP and the Reinstallation Costs.

## Count 6: Negligence

41.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

42.

Defendant had a duty to Plaintiff to sell LVP that was not defective. The LVP was defective, as described in Paragraph 12. As a direct and proximate result of Defendant's breach of its duty, Plaintiff has incurred, continues to incur, and will incur in the future, damages in the amount necessary to replace the LVP and the Reinstallation Costs.

43.

The Defendant is liable to Plaintiff for its negligence in an amount necessary to replace the defective LVP and the Reinstallation Costs.

## Count 7: Attorney Fees and Expenses

44.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

45.

Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense and is therefore liable to Plaintiff for Plaintiff's attorney fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

**Count 8: Punitive Damages**

46.

Plaintiff hereby re-alleges and incorporates each and every paragraph herein.

47.

Despite knowing of the defective condition of the LVP, Defendant refuses to accept responsibility and pay for the Reinstallation Costs. Defendant's actions demonstrate willful misconduct, wantonness, or that entire want of care which would raise a presumption of conscious indifference to consequences, Plaintiff is entitled to recover punitive damages from Defendant pursuant to O.C.G.A. § 51-12-5.1.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff respectfully pray for the following relief:

(a)   That Summons be issued requiring Defendant to answer this Complaint;

(b)   That service of Complaint and Summons be had upon Defendant;

(c)   That a trial be held at which a jury of twelve (12) persons be impaneled to decide all triable issues of law and fact;

(d)   That judgment be entered against Defendant and in favor of Plaintiff for Defendant's breach of contract.

(e)   That judgment be entered against Defendant and in favor of Plaintiff for Defendant's breach of O.C.G.A. §11-2-314;

(f)     That judgment be entered against Defendant and in favor of Plaintiff for Defendant's breach of O.C.G.A. §11-2-315;

(g)     That judgment be entered against Defendant and in favor of Plaintiff for Defendant's breach of O.C.G.A. §§11-2-714 and 715;

(h)     That judgment be entered against Defendant and in favor of Plaintiff for under the theory of strict liability.

(i)     That judgment be entered against Defendant and in favor of Plaintiff for Defendant's negligence;

(j)     that Plaintiff recover its reasonable attorney fees and expenses of litigation pursuant to the Agreement and O.C.G.A. §13-6-11;

(k)     That judgment be entered against Defendant and in favor of Plaintiff for punitive damages;

(l)     That Plaintiff recover any and all damages allowed by law (including all general, special, compensatory, incidental, consequential, economic, non-economic, punitive, and other damages) from Defendant as determined at trial; and

(m)     That Plaintiff be granted such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted this 23rd day of April, 2025.

_____
JOHN C. McMANUS
GA BAR NO. 497775
Attorney for American Flooring Services, Inc., Plaintiff

        **McManus Construction Law, LLC**
        **1245 Brooklawn RD NE**
        **Atlanta, GA 30319**
        **T: 404-433-3412**
        **jcmpc@me.com**